UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARK BERNSTEIN, individually and as
Parent and Natural Guardian of ADAM
BERNSTEIN, an Infant under the age of
17 years,

                   Plaintiffs,

       -against-                            11-CV-3677 (ER) – **Lead Case**

THE VILLAGE OF PIERMONT, MICHAEL
BETTMAN, DANNY GOSWICK, JR. and
SAM KROPP,

                   Defendants.
---------------------------------------------------------------X
MARK BERNSTEIN, Individually and as
Parent and natural guardian of A. B., an
infant under the age of 17 years,

                   Plaintiff,

                                 12-CV-2062 (ER)

       -against-

THE VILLAGE OF PIERMONT,

                   Defendant.
---------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
DEFENSE AND INDEMNIFICATION OF DEFENDANT
DANIEL GOSWICK, JR. s/h/a DANNY GOSWICK, JR.**


                                     FEERICK LYNCH MacCARTNEY, PLLC
                                     Attorneys for Defendant Daniel Goswick, Jr.
                                      s/h/a Danny Goswick, Jr.
                                     96 South Broadway
                                     South Nyack, New York  10960
                                     (845) 353-2000

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................1

STATEMENT OF FACTS .................................................................1

ARGUMENT .................................................................................8

POINT I

CHAPTER 10 ENTITLES DEFENDANT GOSWICK TO
DEFENSE AND INDEMNITY ..........................................................8

A.    Defendant Goswick is an Employee in the Service of the
      Village of Piermont.............................................................8

B.    Defendant Goswick is a Defendant in an Action pursuant
      to 42 U.S.C. § 1983..............................................................9

C.    Defendant Goswick is a Defendant in an Action "arising
      out of any alleged act or omission which . . . is alleged to
      have occurred while the employee was acting . . . within
      the scope of his public employment or duties."........................10

D.    Defendant Goswick Timely Demanded Defense and Indemnity .........11

E.    The Village Code Does Not Permit any Village Official to
      Screen the Claim as an Act of Official Discretion......................12

POINT II

CHAPTER 10 PROVIDES FOR DEFENDANT GOSWICK'S
DEFENSE AND INDEMNITY BY PRIVATE COUNSEL
WHERE A CONFLICT OF INTEREST EXISTS ....................................13

POINT III

DEFENDANT VILLAGE HAS AN AFFIRMATIVE DUTY TO
PROVIDE FOR DEFENSE AND INDEMNITY BY PRIVATE
COUNSEL AT LEAST THROUGH RESOLUTION OF THIS
MOTION ....................................................................................14

POINT IV

      DEFENDANT GOSWICK IS ENTITLED TO REPRESENTATION
      BY COUNSEL OF HIS OWN CHOOSING ...................................................15

CONCLUSION............................................................................................................18

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

Barbour v. City of White Plains, 788 F. Supp. 2d 216 (S.D.N.Y. 2011),
    aff'd 700 F.3d 631 (2d Cir. 2012) ..................................................................................17

Bigando v. Heitzman, 187 A.D.2d 917, 918, 590 N.Y.5.2d 553, 554 (3d Dept. 1992) ...........9

EEOC v. Incorporated Village of Valley Stream, 535 F. Supp. 2d 323 (E.D.N.Y. 2008) ........9

England v. Town of Clarkstown, 166 Misc. 2d 834 (Sup. Ct., Rockland Co. 1995) ...............7, 14

Greene v. Medford Fire Dept., Inc., 6 A.D.3d 705, 775 N.Y.S.2d 538 (2nd Dept. 2004)..........9

Hassan v. Fraccola, 851 F.2d 602 (2d Cir. 1988) ................................................................12

Higgins v. Town of Southampton, 613 F.Supp.2d 327 (E.D.N.Y. 2009)................................18

Klaus v. Loup Hacking Corp., 11 Misc. 3d 1085(A), 2006 WL 1094567
    (Sup. Ct., N.Y. Co. 2006)..............................................................................................17

Pietras v. Bd of Fire Commissioners, 180 F.3d 468, 472-73 (2d Cir. 1999) ...........................8-9

Polite v. Town of Clarkstown, 60 F. Supp. 2d 214 (S.D.N.Y. 1999) .....................................3

Singer v. Singer, 1 Misc. 3d 905(A), 2003 WL 23100910 (Sup. Ct., Nassau Co. 2003)........17

Spitz v. Abrams, 123 Misc. 2d 446, 450, 473 N.Y.S.2d 931, 934 (Sup. Ct.),
    aff'd 105 A.D.2d 904, 482 N.Y.S.2d 68 (3d Dept. 1984).........................................12, 13


**Statutes and Other Authorities**                                                                           **Page**

42 U.S.C. 1981 *et seq*...................................................................................................17

42 U.S.C. § 1983...........................................................................................1, 2, 8, 9, 10

Fed. R. Civ. P. Rule 4 ....................................................................................................2

Fed. R. Civ. P. 4(e) ........................................................................................................2

Fed. R. Civ. P. 4(e)(2)....................................................................................................3

Fed. R. Civ. P. 4(l)(1) .....................................................................................................3

| | Page |
|---|---|
| Fed. R. Civ. P. 4(m) | 2 |
| General Municipal Law § 209-1 | 9 |
| N.Y. C.P.L.R. 308(2) | 3 |
| N.Y. Labor Law § 27-9(1)(b) | 8 |
| N.Y. Vol. Fire. Ben. Law § 1 *et seq.* | 8 |
| N.Y. Village Law § 10-1006 | 9 |
| Public Employee Safety and Health Act | 8 |
| Village Code, Village of Piermont, Chapter 10 | *passim* |
| Village Code, Village of Piermont, Chapter 10-1 | 1, 9 |
| Village Code, Village of Piermont, Chapter 10-2 | 1, 9 |
| Village Code, Village of Piermont, Chapter 10-2(A) | 9, 10, 11, 12 |
| Village Code, Village of Piermont, Chapter 10-2(A)(1) | 12 |
| Village Code, Village of Piermont, Chapter 10-2(C)(1) | 13 |
| Village Code, Village of Piermont, Chapter 10-2(D) | 14, 15 |

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted by Defendant Daniel Goswick, Jr., s/h/a Danny Goswick, Jr. ("Goswick"), in support of Defendant's motion for an Order directing the Village of Piermont ("Village") to provide him a defense and indemnity, under applicable provisions of Chapter 10 of the Village Code[1], based on the allegations of the Complaint which assert a claim under 42 U.S.C. § 1983, as well as a claim arising out acts alleged to have occurred while Defendant Goswick was acting within the scope of his public employment duties and authority, for each set of allegations triggers the Village's obligation to provide the same.

## STATEMENT OF FACTS

On May 31, 2011, Plaintiff Mark Bernstein, individually and as Parent and Natural Guardian of Adam Bernstein, filed a Complaint against Defendant Goswick, alleging violations of 42 U.S.C. § 1983 and a claim arising out of acts alleged to have occurred while acting within the scope of his public employment duties and authority for actions that allegedly took place on or before August 14, 2010. See Complaint.

On or about June 2, 2011, Plaintiff's process server, Elizabeth Bennett ("Bennett"), attempted service upon Defendant by delivering a true copy of the Summons and Complaint to Denise Ehrharc ("Ehrharc"), a person of suitable age and discretion employed at the Village Clerk's Office, at 478 Piermont Avenue, Piermont, New York 10968. Ehrharc is an authorized agent for the service of process of the Village of Piermont, but not of Defendant. She has no relation to Defendant Goswick. Still, Bennett followed up this effort at substitute service by mailing a copy of the Summons and Complaint to the Defendant care of the Village Clerk at 478 Piermont Avenue, Piermont, NY 10968.

---

[1] Sections 10-1 and 10-2 of the Village Code, Village of Piermont, are attached in the Appendix hereto.

Shortly thereafter, on June 10, 2011, Plaintiff filed an Amended Verified Complaint against Defendant, again alleging violations of 42 U.S.C. § 1983 and a claim arising out of acts alleged to have occurred while acting within the scope of his public employment duties and authority for actions that allegedly took place on or before August 14, 2010.  See Amended Complaint.

On or about June 22, 2011, Bennett again attempted to effect service on Defendant Goswick by delivering a true and correct copy of the Amended Complaint to Stephanie Tasseko ("Tasseko"), another authorized agent for the service of process of the Village of Piermont, but not of Defendant.  The following day, on June 23, 2011, Bennett followed up on that purported substitute service by mailing a copy of the Amended Complaint to Defendant, once again, addressed to Defendant in the care of the Village Clerk's Office at 478 Piermont Avenue, Piermont, NY 10968.

In each instance service was attempted, Plaintiff relied upon service upon the Village Clerk, the designated agent of the Village of Piermont, but not of Defendant.  Under Rule 4 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), a plaintiff has 120 days from the filing of the Complaint or the Amended Complaint, as the case may be, to serve the summons along with the complaint upon an individual.  See Fed. R. Civ. P. 4(m).  Under Rule 4, service upon an individual must be accomplished by serving either the individual personally (and no personal delivery was involved in this case) or by effecting service under state law.  Fed. R. Civ. P. 4(e).  Plaintiff relied on the substitute service provisions of state law.  Under New York State law, valid substitute service can be made by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served accompanied or followed by either mailing the summons to the person

to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his actual place of business. N.Y. C.P.L.R. 308(2); Fed. R. Civ. P. 4(e)(2). Filing proof of such substitute service is mandatory under both New York and Federal law. N.Y. C.P.L.R. 308(2); Fed. R. Civ. P. 4(l)(1).

Here, Plaintiff did not serve Defendant Goswick under any permissible method within 120 days of filing of the Complaint because Plaintiff did not make personal service and did not satisfy the state law requirements for substitute service. Again, the record contains no proof of service indicating that Defendant was personally served the Summons and Complaint within the 120-day statutory window of Rule 4(m). The only proof of service before the Court indicates that service was attempted by delivery to two employees at the Village Clerk's Office, Denise Ehrharc and Stephanie Tassello. However, the Village Clerk's Office is not Defendant Goswick's actual place of business, nor his dwelling place, nor his usual place of abode. See, e.g., Polite v. Town of Clarkstown, 60 F. Supp. 2d 214 (S.D.N.Y. 1999). Defendant Goswick never designated the Village Clerk as his agent for service of process.

In Polite v. Town of Clarkstown, supra, for example, a Section 1983 plaintiff's service of the summons and complaint on the municipality's town clerk was found insufficient to serve the individual police officer. Service on the individual police officer had to be effected either: (1) personally, (2) by leaving process with a person of suitable age and discretion at the individual's actual place of business or usual place of abode, or (3) by mailing process to the individual at his last known residence or actual place of business. Id. at 216. By serving through the town clerk, the Section 1983 plaintiff may have properly served the municipality, i.e., the town, but he did not serve the individual police officer because the individual police officer did not work at that office nor did he permanently reside there. Id. According to the rationale of Polite, the term

3

"actual place of business" has been interpreted narrowly and, in order for a place to be someone's actual place of business, that person must be shown to regularly transact business at that place.

Defendant Goswick at all times mentioned in the Complaint and Amended Complaint was a volunteer firefighter for the Empire Hose Fire Company One ("Fire Company"); however, Fire Company personnel do not work out of the Clerk's Office. And, lacking service on Defendant Goswick's actual place of business, there is no personal jurisdiction acquired by serving someone else's office, as Plaintiff did here.

Notwithstanding the improper service, after Defendant received a copy of the pleadings, and within five days of such receipt (i.e., on June 9, 2011 and June 20, 2011), Defendant served written demand, via counsel letters, that the Village provide a defense and indemnity to Defendant pursuant to the applicable provisions of the Village Code and New York State law.

By letter dated June 23, 2011, the Village responded and advised that it could not provide Defendant with a defense or indemnity because the Village interpreted the pleading to allege acts which were outside the course and scope of Defendant's employment, membership or authorized duties on behalf of the Village and its Fire Department. The Chief of the Village Fire Department, Chief Fagan, provided an affidavit purportedly confirming the fact that the acts alleged were not in the course and scope of employment, membership or duties as a volunteer fireman. Such affidavit was the asserted basis for the municipal decision, notwithstanding that Chapter 10 of the Village Code grants no executive power to anyone to screen the worthiness of claims for a defense or indemnity where a complaint asserts a claim under 42 U.S.C. § 1983 or a claim arising out of acts alleged to have occurred while acting within the scope of public employment duties and authority.

4

Similarly, in its Answer to the Amended Complaint filed on July 8, 2011, the Village, which is a named Defendant, asserted that Defendant Goswick (as well as two other individual firefighters) was acting outside the scope of his duties as regards the allegations in this action. Defendant Village set forth in its Answer that "any physical contact between Plaintiff and Defendants volunteers <u>was outside the scope of the duties of volunteer fireman</u>" and that "any alleged assault of Plaintiff was an act committed <u>outside of the course of duty of a volunteer firefighter</u>." Deft. Village's Verified Answer to Amended Complaint (i.e., Sixth and Seventh Affirmative Defenses), at ¶¶ 22-23 (emphasis added). The Village, thus, elected not to provide a defense, not to serve an answer on behalf of Defendant to protect him from the consequences of a default in pleading, and asserted a cross-claim on Defendant even though the Village never served its pleading on Defendant or any of the other firefighters so as to place them in jeopardy.

By letter dated September 20, 2011, Defendant renewed his request for a defense and pointed out the conflict created by the Village's assertion of a cross-claim against Defendant while refusing to provide him the defense he was entitled to under Chapter 10 of the Village Code. Defendant even offered to delay consideration of the issue of indemnity to a later date to avoid prejudice to the defense. No response was received.

By order entered on December 12, 2011 in the Village of Piermont Justice Court, the criminal charges against Defendant were dismissed. By letter dated December 13, 2011, Defendant notified the Village of the dismissal and complained that no defense in this Federal Court action had been provided and he remained exposed to a possible default judgment by virtue of the Village's refusal to meet its obligations under Chapter 10 of the Village Code to provide a defense.

Before the expiration of one year since the date of commencement of this action, and by Order to Show Cause dated May 3, 2012, Plaintiff moved for a default judgment against Defendant Goswick, as well as the two other individual firefighters, and again proceeded as though service upon Defendant in the care of the Village Clerk was an adequate method for service, when it was not. Defendant does not work in the Village Clerk's Office and never did.

At oral argument before this Court, on June 5, 2012, Defendant made a limited appearance. Plaintiff did not controvert Defendant's argument that service upon the Defendant at or through the Village Clerk was improper. Instead, Plaintiff moved on June 19, 2012 to extend the time to serve the Defendant, as well as the two other firefighters, pursuant to Fed. R. Civ. P. 4(m). By Opinion and Order dated December 20, 2012, this Court found Plaintiff had not demonstrated good cause for the failure to properly serve the Defendant and the other individual Defendants. Notwithstanding the absence of good cause, the Court found that a discretionary extension was appropriate because Plaintiff was within the statute of limitations such that there was no bar against re-filing the action and no prejudice to Defendants from extending the period for service. The Court exercised its discretion and granted Plaintiff 45 days from the issuance of the Opinion and Order to re-serve the Summons and Amended Complaint and file proof of service with the Court and directed that failure to do so shall result in dismissal of the individual Defendants from the action. Thus, Plaintiff had to serve and file by February 4, 2013 or the action would be dismissed.

On or about January 21, 2013, Plaintiff attempted personal service on Defendant Goswick, but never saw fit to file proof of service with the Clerk of the Court. Notwithstanding that defect, on January 22, 2012, Defendant served a written demand for a defense and indemnity pursuant to the applicable provisions of Chapter 10 of the Village Code and all other applicable

6

laws, rules and regulations.  He also caused a copy of the Summons and Amended Complaint to be served on the Village Clerk of the Village of Piermont.  In the demand letter, incidentally, Defendant Goswick pointed out that there was a conflict of interest that precluded the Village's attorney from representing Defendant and permitted Defendant the right to select counsel of his own choosing.  Defendant selected this Office.

The Defendant proceeded under the rationale of <u>England v. Town of Clarkstown</u>, 166 Misc. 2d 834 (Sup. Ct., Rockland Co. 1995), where  the state court addressed the very issue of whether the municipality had placed itself in direct opposition to its employee by asserting certain affirmative defenses in its answer, including that the employee was acting outside the scope of his duties.  While the municipality and employee could consistently contend no constitutional violation occurred, the municipality attempted to shift legal responsibility to the police officer by claiming that the police officer did not act in good faith; i.e., pursuant to any policy, practice or custom of the municipality, and acted outside the scope of his duties.  There, like here, the employee alleged the conflict precluded the municipality from representing the employee in litigation, for the individual defendants could partially or completely avoid personal liability in their individual capacities by proving the act was done in good faith and within the scope of their public employment duties.  The conflict of interest existed because the Village Attorney, by pleading the offending affirmative defenses in the municipality's answer, would be compelled to represent adverse interests in the same action, thus necessitating representation of the employee by private counsel of his choosing to avoid the conflict.  Chapter 10 of the Village Code is entirely consistent with <u>England</u>, and expressly avoids any adverse consequences due to any conflict of interest of the Village Attorney.

Plaintiff, incidentally, graciously elected not to move for any default judgment provided the individual Defendant promptly prosecuted a motion for the provision of a defense or indemnity. Accordingly, this motion ensued.

## ARGUMENT

### POINT I

#### CHAPTER 10 ENTITLES DEFENDANT GOSWICK TO DEFENSE AND INDEMNITY.

Chapter 10 of the Village Code of the Village of Piermont, entitled "Defense and Indemnification", provides for the defense and indemnification of an employee of the village who is a defendant in an action under 42 U.S.C § 1983, or, an action arising out of any alleged act occurring or purported to have occurred within the scope of employment or duties, as follows:

> The Village shall provide for the defense of an employee in any civil action or proceeding in any court or administrative action arising out of any alleged act or omission which occurred or is alleged to have occurred while the employee was acting or in good faith purporting to act within the scope of his public employment or duties or which is brought to enforce a provision of Sections 1981 through 1988 of Title 42 of the United States Code . . . .

**A.  Defendant Goswick is an Employee in the Service of the Village of Piermont**

It is well settled that in New York, volunteer firefighters are considered public employees, notwithstanding they might not receive direct remuneration for their service, for they are provided uniforms and equipment, and are eligible for various benefits as specified in New York's Volunteer Firefighters' Benefit Law, including Workers' Compensation and death benefits. See, N.Y. Labor Law § 27-9(1)(b) (the Public Employee Safety and Health Act). See generally N.Y. Vol. Fire. Ben. Law § 1 et seq. See also Pietras v. Bd. of Fire Com'rs of

Farmingdale Fire Dist., 180 F.3d 468 (2d Cir. 1999); EEOC v. Inc. Vil. of Val. Stream, 535 F.

Supp. 2d 323 (E.D.N.Y. 2008). They are even entitled to due process in disciplinary proceedings

incident to their public employment. See Bigando v. Heitzman, 187 A.D.2d 917, 918, 590

N.Y.5.2d 553, 554 (3d Dept. 1992) (citing General Municipal Law § 209-1); Greene v. Medford

Fire Dept., Inc., 6 A.D.3d 705, 706, 775 N.Y.S.2d 538, 539 (2nd Dept. 2004).

More particularly, an employee is expressly defined in the Village Code, in Chapter 10,

at § 10-1 as "any person holding a position by election, appointment or employment in the

service of the Village of Piermont, whether or not compensated . . . ." Defendant Goswick is a

volunteer firefighter who is a member of the Fire Company, a fire company within the Village of

Piermont Fire Department. See also N.Y. Village Law § 10-1006. Therefore, Defendant

Goswick is an "employee" in the service of the Village and entitled to the benefits of the

provisions of Chapter 10, § 10-2.

**B.      Defendant Goswick is a Defendant in
          an Action pursuant to 42 U.S.C. § 1983**

Defendant Goswick is a defendant in an action "which is brought to enforce a provision

of Sections 1981 through 1988 of Title 42 of the United States Code . . . ." Village Code, Village

of Piermont, Ch. 10, § 10-2(A). According to Chapter 10, § 10-2(A) of the Village Code:

> The Village [of Piermont] shall provide for the defense of an employee in any
> civil action or proceeding in any court of administrative action . . . which is
> brought to enforce a provision of Sections 1981 through 1988 of Title 42 of the
> United States Code . . . .

As alleged in paragraph numbered "1" of the Amended Complaint, "Plaintiffs bring the

causes of action set forth below predicated upon violations of 42 U.S. Code Section 1983 by all

named defendants, both jointly and severally." As alleged in paragraph numbered

"FIFTEENTH" thereof, "the said defendants individually and collectively violated the infant

9

plaintiff's rights under 42 U.S.C. §1983 in that they acted under color of right as State agents . . . ." And, as alleged, in sum and substance, in each cause of action, the defendants acted "in violation of the infant Plaintiff's rights pursuant to Section 1983 of the U.S. Code."

Quite evidently, the action before this Court is brought to enforce 42 U.S.C. § 1983, which is one of the provisions "of Sections 1981 through 1988 of Title 42 of the United States Code." Chapter 10, § 10-2(A). Therefore, Defendant Goswick is entitled to defense and indemnity for he is a Defendant in an action seeking to enforce a provision of 42 U.S.C. § 1983.

**C. Defendant Goswick is a Defendant in an Action "arising out of any alleged act or omission which . . . is alleged to have occurred while the employee was acting . . . within the scope of his public employment or duties."**

Defendant Goswick is a defendant in an action "arising out of any alleged act or omission which occurred <u>or is alleged to have occurred</u> while the employee was acting or in good faith purporting to act <u>within the scope of his public employment or duties</u> . . ." Village Code, Village of Piermont, Chapter 10, § 10-2(A) (emphasis added). According to Chapter 10, § 10-2(A) of the Village Code:

> The Village [of Piermont] shall provide for the defense of an employee in any civil action or proceeding in any court of administrative action arising out of any alleged act or omission which occurred or is alleged to have occurred while the employee was acting or in good faith purporting to act within the scope of his public employment. . . .

Plaintiff alleges in paragraph numbered "SEVENTH" of the Amended Complaint, "[t]hat upon information and belief and in light of the aforementioned, said 'hazing' was undertaken in furtherance of the defendants' positions as volunteer firefighters in THE VILLAGE OF PIERMONT Fire Department, and pursuant to an accepted policy of said volunteer fire department <u>and thus within the scope of their duties and authority</u>." (Emphasis added). Again, it

is worth repeating that Plaintiff is alleging that the "hazing" complained of was within the "scope of [Defendant Goswick's] duties and authority." Id. Therefore, Defendant Goswick is entitled to defense and indemnity because he is a defendant in an action "arising out of any alleged act or omission which occurred <u>or is alleged to have occurred</u> while the employee was acting or in good faith purporting to act <u>within the scope of his public employment or duties</u> . . . ." Chapter 10, § 10-2(A) (emphasis added).

### D. Defendant Goswick Timely Demanded Defense and Indemnity

Defendant Goswick complied with the demand procedures in Chapter 10, § 10-2(A)(1) of the Village Code, by serving timely written notice of the request, and is therefore entitled to defense and indemnity. According to Chapter 10, § 10-2(A), of the Village Code, the duty of the Village to defend, indemnify or save harmless shall be conditioned upon:

> (1)     Delivery to the office of the Village Clerk by the employee of the original or a copy of any summons, complaint, process, notice, demand or pleading within five days after he or she is served with such document. Such delivery shall be deemed a request by the employee that the Village provide for his or her defense pursuant to this chapter, subject to written confirmation by the employee that the Village provide for his or her defense.

In this case, Defendant Goswick, by and through his attorney, Donald J. Feerick, Jr., Esq., delivered a letter dated January 22, 2013, demanding a "defense and indemnity pursuant to applicable provisions of Chapter 10 of the Village Code of the Village of Piermont and all other applicable laws, rules and regulations." The letter demanding such defense and indemnity was hand delivered to the Village Clerk, along with a copy of the Summons and Amended Complaint against Defendant Goswick. This hand delivery was made to the Village Clerk of the Village of Piermont <u>within</u> five days of Defendant Goswick being served with the Summons and Amended Complaint. Therefore, Defendant Goswick fully complied with the demand procedures in

11

Chapter 10, § 10-2(A)(1) of the Village Code and is entitled to defense and indemnity because he "[d]eliver[ed] to the office of the Village Clerk . . . a copy of [the] summons [and] complaint within five days after [Defendant Goswick was] served with such document[s]." Village Code, Chapter 10, § 10-2(A).

**E.      The Village Code Does Not Permit any Village Official to Screen the Claim as an Act of Official Discretion**

In reviewing a request to defend, the Village's role "is much like that of an insurer reviewing a complaint to determine if a defense must be provided." Spitz v. Abrams, 123 Misc. 2d 446, 450, 473 N.Y.S.2d 931, 934 (Sup. Ct.), aff'd 105 A.D.2d 904, 482 N.Y.S.2d 68 (3d Dept. 1984).  Any "interpretation of the statute begins with the language itself and the rule that that language will be controlling when its context makes its meaning sufficiently clear." Hassan v. Fraccola, 851 F.2d 602, 604 (2d Cir. 1988) (citations omitted).  And, where the provision vests "no discretion to refuse to defend an employee," there is no discretion to refuse. Id.

Here, the Village Code states the "Village shall provide for the defense of an employee in any civil action or proceeding in any court or administrative action arising out of any alleged act or omission which occurred or is alleged to have occurred while the employee was acting or in good faith purporting to act within the scope of his public employment or duties or which is brought to enforce a provision of Sections 1981 through 1988 of Title 42 of the United States Code . . . ." Village Code, Village of Piermont, Chapter 10, § 10(2)(A).

Thus, the provision at issue is the very provision at issue in Spitz, and examined in Hassan, that has been interpreted to afford a municipality no discretion to refuse to defend an employee where the complaint alleged an improper act within the scope of employment. Id.  The use of the phrase "alleged to have occurred" would have no purpose if the municipality could

12

decide for itself whether the questioned acts occurred within the scope of the employee's duties. <u>Id</u>. Accordingly, it is the allegations in the complaint that trigger the Village's duty.

<u>POINT II</u>

**CHAPTER 10 PROVIDES FOR DEFENDANT GOSWICK'S DEFENSE AND INDEMNITY BY PRIVATE COUNSEL <u>WHERE A CONFLICT OF INTEREST EXISTS.</u>**

Defendant Goswick is entitled to defense and indemnity through private counsel because a conflict of interest exists that precludes representation by the Village Attorney. Chapter 10, § 10-2(C)(1) of the Village Code provides:

> The employee shall be entitled to be represented by the Village Attorney; provided, however, that the employee shall be entitled to representation by private counsel of his or her choice in any civil judicial proceeding . . . whenever a court of competent jurisdiction, upon appropriate motion or by a special proceeding, determines that a conflict of interest exists and that the employee is entitled to be represented by private counsel of his or her choice.

In its Verified Answer to Amended Complaint, Defendant Village asserted that Defendant Goswick was acting outside the scope of his duties as regards the allegations in this action. The Village expressly set forth, at paragraphs 22-23, respectively, that "any physical contact between Plaintiff and Defendants volunteers was <u>outside the course of the duties of volunteer fireman</u>" and that "any alleged assault of Plaintiff was an act committed <u>outside the scope of duty of a volunteer firefighter</u>." (Emphasis added). Thus, there is a conflict of interest present because Defendant Goswick intends to argue that his actions were within the scope of his public employment duties and authority and pursuant to Defendant Village's official policy.

By its pleading, the Defendant Village has therefore placed itself in direct opposition to Defendant Goswick in the instant action by alleging that he was acting outside the scope of the duties of a volunteer fireman when Defendant Goswick intends to assert no personal liability

13

exists by arguing that his actions were within the scope of his public employment duties and authority and pursuant to official policy. The Defendant Village, through its Answer, has created a conflict of interest for the Village Attorney that precludes the Village Attorney from representing Defendant. See, e.g., England v. Town of Clarkstown, 166 Misc. 2d 834 (Sup. Ct., Rockland Co. 1995). Accordingly, a conflict of interest exists such that Defendant Goswick is "entitled to representation by private counsel of his . . . choice"; namely, this Office.

## POINT III

### DEFENDANT VILLAGE HAS AN AFFIRMATIVE DUTY TO PROVIDE FOR DEFENSE AND INDEMNITY BY PRIVATE COUNSEL AT LEAST THROUGH RESOLUTION OF THIS MOTION.

Defendant Village has an affirmative duty, contained in Chapter 10, § 10-2(D) of the Village Code, to provide for Defendant Goswick's defense and indemnity by private counsel. According to Chapter 10, § 10-2(D) of the Village Code:

> Where the employee delivers process and a request for a defense to the Village Clerk, as required by this chapter, the Village Board shall take the necessary steps, including the retention of private counsel, under the terms and conditions herein provided, on behalf of the employee to avoid entry of a default judgment pending resolution of any question pertaining to the obligation for a defense. (Emphasis added).

In the instant action Defendant Goswick has properly "deliver[ed] process and a request for defense to the Village Clerk". As a consequence, Chapter 10, § 10-2(D) of the Village Code obligates Defendant Village to provide for an employee's defense "pending resolution of any question pertaining to the obligation for a defense." Id. Thus, in its current procedural posture, i.e., "pending resolution of any question pertaining to the obligation for a defense", Defendant

14

Village has an obligation, at a minimum, to provide for the defense of Defendant Goswick "to avoid entry of default judgment". Id.

Defendant Village has breached its obligation to provide for Defendant Goswick's defense. As of this date, the Village Board has taken no action to provide for the defense and indemnity of Defendant Goswick either by the Village Attorney or by private counsel. Further, the only reason that a default judgment has not been had against Defendant Goswick is because Plaintiff's counsel, at Defendant Goswick's request, has consented to allowing Defendant Goswick to present this issue of right to defense and indemnity to the Court before Plaintiff takes any action towards obtaining a default judgment. Therefore, the Village has breached its affirmative duty to Defendant Goswick and Defendant Goswick is entitled to defense by private counsel from Defendant Village through the resolution of this motion, at the Village's expense in all regards.

## POINT IV

### DEFENDANT GOSWICK IS ENTITLED TO REPRESENTATION BY COUNSEL OF HIS OWN CHOOSING.

Defendant Goswick has selected the law firm of Feerick Lynch MacCartney PLLC ("FLM") to represent him and defend him in this action. That selection is based, in part, upon the reputation of Feerick Lynch MacCartney in successfully handling the defense of 42 U.S.C. 1983 claims against various municipalities and their officials and/or employees, including, but not limited to, the name partners. It is also based upon Defendant's comfort with and regard for the firm.

Donald J. Feerick, Jr., Esq., graduated from Fordham University School of Law in 1990 and has been admitted to practice in New York for in excess of 20 years. Mr. Feerick has significant trial experience and, for example, has handled the successful prosecution of various 1983 claims, including, but not limited to, Nelson v. Dunn, S.D.N.Y. Civil Action No. 09-0911 (CS), and the trial defense of discrimination claims; i.e., Jean-Gilles v. Silarski, S.D.N.Y. Civil Action No. 7974 (CM). Dennis E.A. Lynch, Esq., graduated summa cum laude from Syracuse University Law School in 1979 and has been admitted to practice in New York for almost 30 years. Mr. Lynch has significant trial experience over the course of his career, including what is believed to be the highest single verdict obtained and collected against a municipality for violating a property owner's constitutional property rights in New York State history (see Town of Orangetown v. Magee, 88 N.Y.2d 41 (1996)). Mr. Lynch handled the Town of Orangetown v. Magee matter from inception through trial and on appeal all the way to the New York State Court of Appeals, and collected over $8,000,000 on behalf of his client in that case. J. David MacCartney, Jr., Esq., graduated magna cum laude from Georgetown University Law School in 1993 and has been admitted to practice for 20 years. He has extensive experience in New York State and Federal Courts, litigating and trying a variety of relevant matters, including civil rights and property rights disputes. For example, Mr. MacCartney was the lead counsel for the Petitioner in 49 WB, LLC v. Vil. of Haverstraw, 44 A.D.3d 226, 839 N.Y.S.2d 127 (2d Dept. 2007), a seminal decision rendered by the Appellate Division, Second Department, on the issue of pretextual use or abuse of the powers of eminent domain. In addition to FLM's named partners, FLM's associate attorneys also possess significant State and Federal Court litigation experience.

16

In this case, FLM is willing to undertake the representation on an hourly basis. FLM's hourly rates are $425.00 per hour for all partners and other attorneys with ten years or more of legal experience, $375.00 per hour for all non-partner attorneys with less than ten years of experience, and $175.00 for legal assistants. FLM is willing to submit its bills on a monthly basis. The above mentioned hourly rates are FLM's standard hourly rates and are tantamount to the amounts currently paid by other private clients in Rockland County (collectively, the "Rockland Rate"). All expenses and disbursements must be paid or reimbursed to FLM in full on a monthly basis as well. Since January 2009, the Rockland Rate has been FLM's standard hourly attorney billing rate for all new clients.

In measuring the reasonableness of FLM's attorneys' fees under the Rockland Rate, since 2011, the United States District Court for the Southern District of New York has found rates of $625 per hour and $450 per hour to be "reasonable" for services rendered in cases under 42 U.S.C. 1981 *et seq*. See, e.g., Barbour v. City of White Plains, 788 F. Supp. 2d 216 (S.D.N.Y. 2011), aff'd 700 F.3d 631 (2d Cir. 2012). The Rockland Rate is at or below the customary, prevailing reasonable market rate in the community for attorneys with similar background and experience, as determined by state courts too. See, e.g., Singer v. Singer, 1 Misc. 3d 905(A), 2003 WL 23100910 (Sup. Ct., Nassau Co. 2003) (billing rate of $450 per hour "would be well in keeping with rates charged by practitioners with similar background and experience" in matrimonial matter); Klaus v. Loup Hacking Corp., 11 Misc. 3d 1085(A), 2006 WL 1094567 (Sup. Ct., N.Y. Co. 2006) (awarding attorneys' fees in no-fault proceeding at rate of $425 per hour). FLM asks to be paid consistently with the rate paid by its other private clients.

In this regard, the Court should be aware that FLM attempted to negotiate with the Village to reach a mutually agreeable (and discounted) rate for legal services that would have

17

avoided this application, and advised the Village that, in the event the Village could not come to terms with FLM, Defendant Goswick would make an application in the District Court to determine his right to independent legal representation and the reasonableness of his attorneys' fees, without any discount from customary rates. See Higgins v. Town of Southampton, 613 F. Supp. 2d 327 (E.D.N.Y. 2009) (Court resolved the issue of reasonableness of rates). Unfortunately, no resolution was reached and this application has ensued.

## CONCLUSION

Based upon the foregoing Defendant Goswick is entitled to defense and indemnity through the resolution of this motion and continuing forth throughout this action. Further, due to the conflict of interest created by Defendant Village of Piermont through its Answer, Defendant Goswick is entitled to such defense and indemnity by private counsel. And, the Village should be directed to pay this Office its customary hourly rates for the defense of Defendant Goswick. Therefore, it is respectfully submitted that the Defendant's motion be granted in its entirety, together with such other, further, and different relief, as the Court may deem just and proper.

Dated: South Nyack, New York
April 12, 2013

Respectfully submitted,

FEERICK LYNCH MacCARTNEY, PLLC
Attorneys for Plaintiff
96 South Broadway
South Nyack, New York 10960
Tel: (845) 353-2000
dfeerick@flmpllc.com

By: _____
Donald J. Feerick, Jr. (DF 3299)

18

# APPENDIX

# APPLICABLE PROVISIONS OF CHAPTER 10 OF THE VILLAGE CODE

§ 10-1. Definitions.

The following words and terms used in this chapter shall have the meanings indicated:

EMPLOYEE
Unless the context otherwise requires, any person holding a position by election, appointment or employment in the service of the Village of Piermont, whether or not compensated, but shall not include an independent contractor. The term "employee" shall include a former employee or his or her estate or judicially appointed personal representative. The benefits of this chapter shall inure only to employees as defined herein and shall not enlarge or diminish the rights of any other party.

§ 10-2. Defense of Employees.

A.    The Village shall provide for the defense of an employee in any civil action or proceeding in any court or administrative action arising out of any alleged act or omission which occurred or is alleged to have occurred while the employee was acting or in good faith purporting to act within the scope of his public employment or duties or which is brought to enforce a provision of Sections 1981 through 1988 of Title 42 of the United States Code; provided, however, that the duty of the Village to defend, indemnify or save harmless shall be conditioned upon:

   (1)    Delivery to the office of the Village Clerk by the employee of the original or a copy of any summons, complaint, process, notice, demand or pleading within five days after he or she is served with such document Such delivery shall be deemed a request by the employee that the Village provide for his or her defense pursuant to this chapter, subject to written confirmation by the employee that the Village provide for his or her defense.

   (2)    The full cooperation of the employee in the defense of such action or proceeding and in the defense of any action or proceeding against the Village based upon the same act or omission and in the prosecution of any appeal.

B.    This duty to provide for a defense shall not arise where such civil action or proceeding is brought by or on behalf of the Village of Piermont.

C.    Counsel.

(1)     The employee shall be entitled to be represented by the Village Attorney; provided, however, that the employee shall be entitled to representation by private counsel of his or her choice in any civil judicial proceeding whenever the Village Board determines, based upon its investigation and review of the facts and circumstances of the case and upon the recommendation of the Village Attorney, that representation by the Village Attorney would be inappropriate or whenever a court of competent jurisdiction, upon appropriate motion or by a special proceeding, determines that a conflict of interest exists and that the employee is entitled to be represented by private counsel of his or her choice. The Village Attorney shall notify the employee, in writing, of such determination that the employee is entitled to be represented by private counsel.

(2)     The Village Board may require, as a condition to payment of the fees and expenses of such representation by private counsel, that appropriate groups of such employees be represented by the same counsel.

    (a)     If the employee or group of employees is entitled to representation by private counsel, the Village Attorney shall so certify to the Board of Trustees and Village Treasurer.

    (b)     Reasonable attorneys' fees and litigation expenses shall be paid by the Village to such private counsel from time to time during the pendency of the civil action or proceeding, subject to certification that the employee is entitled to representation under the terms and conditions of this chapter by the head of the department, commission, division, office or agency in which such employee is employed and upon the audit and warrant of the Village Attorney.

    (c)     Any dispute with respect to representation of multiple employees by a single counsel or the amount of litigation expenses or the reasonableness of attorneys' fees shall be resolved by the court upon motion or by way of a special proceeding,

D.     Where the employee delivers process and a request for a defense to the Village Clerk, as required by this chapter, the Village Board shall take the necessary steps, including the retention of private counsel, under the terms and conditions herein provided, on behalf of the employee to avoid entry of a default judgment pending resolution of any question pertaining to the obligation to provide for a defense.