UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARK BERNSTEIN, individually and as
Parent and Natural Guardian of ADAM
BERNSTEIN, an Infant under the age of
17 years,

                              Plaintiffs,

v.                                                                        11-CV-3677 (ER)

THE VILLAGE OF PIERMONT, MICHAEL
BETTMAN, DANNY GOSWICK, JR. and
SAM KROPP,

                              Defendants.
-----------------------------------------------------------X
MARK BERNSTEIN, Individually and as
Parent and natural guardian of A. B., an
infant under the age of 17 years,

                              Plaintiff,

v.                                                                        12-CV-2062 (ER)

THE VILLAGE OF PIERMONT,

                              Defendant.
-----------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFENSE AND INDEMNIFICATION OF DEFENDANT MICHAEL BETTMAN

                                            YANKWITT & McGUIRE, LLP
                                            Russell M. Yankwitt, Esq.
                                            Craig M. Cepler, Esq.
                                            140 Grand Street, Suite 501
                                            White Plains, New York 10601
                                            Tel: (914) 686-1500

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted by defendant Michael Bettman ("Bettman") in support of his motion for an order directing the Village of Piermont ("Village") to provide him a defense and indemnity under Section 18(3)(b) of the New York Public Officers Law and applicable provisions of Chapter 10 of the Village Code based on the allegations of the Amended Complaint. The Amended Complaint asserts claims under 42 U.S.C. § 1983 arising out of acts alleged to have occurred while Bettman was acting within the scope of his public employment duties and authority, for each set of allegations triggers the Village's obligation to provide such defense and indemnification.

## STATEMENT OF FACTS

Plaintiff's initial Complaint, dated May 31, 2011, alleged that he was subject to hazing by defendants Michael Bettman, Danny Goswick, Jr., and Sam Kopp while being initiated as a volunteer firefighter in the Village of Piermont ("Village"). The complaint further alleged that this hazing was done pursuant to a policy of the Village. Plaintiff contended that such hazing violated his rights under 42 U.S.C. § 1983.

Thereafter, Plaintiff filed an amended complaint on June 10, 2011. On July 5, Plaintiff filed an Affidavit of Service, which indicated that he served Bettman by delivering the Amended Complaint to Stephanie Tassello at the Village of Piermont's Clerk's Office at 478 Piermont Avenue on June 22. The process server claimed to have then mailed a copy of the amended complaint to the Clerk's Office.[1]

---

[1] There is no Affidavit of Service filed on the Court's docket indicating that service of the initial Complaint was attempted. Defendant Goswick's submissions indicate that such service was attempted. *See* Feerick Affirmation (Doc. #28), Exhibit C. Nonetheless, undersigned counsel cannot confirm that service was attempted.

At all relevant times, Bettman was a volunteer firefighter for the Village in the Empire Hose Fire Company One. He did not, however, work out of the Clerk's Office. By serving process on Tassello, Plaintiff satisfied the requirements for proper service upon the Village as Tassello is an authorized agent for the service of process on the Village. She is not, however, an authorized agent for service upon Bettman. At no time prior to January 2013 was Bettman served personally or at his actual place of business, dwelling place or usual place of abode. *See* N.Y. C.P.L.R. § 308; Fed. R. Civ. P. 4(e). Moreover, Bettman never designated the Piermont Village Clerk as his agent for service of process.

On July 8, the Village filed an answer to the Amended Complaint solely on behalf of itself.[2] In its answer, the Village asserted two cross-claims against Bettman for contribution and indemnification. The seventh affirmative defense asserted "any physical contact between Plaintiff and Defendants volunteers was outside the scope of the duties of volunteer fireman."

Despite service not being perfected at the time, Bettman learned about the case shortly after it was filed when Plaintiff attempted service upon him by leaving the Amended Complaint at the Village Clerk's Office. Later, on or after January 20, 2013, after the Court gave Plaintiff additional time to serve the individual defendants, Bettman was properly served.[3] Within five days, on January 25, 2013, pursuant to the Village Code, Bettman delivered a letter and a copy of the summons and complaint to the office of the Village Clerk requesting the Village provide him with a defense and indemnification in this matter. *See* Piermont Village Code § 10-2(A)(1). The Village never replied to this request.

---

[2] The Village had previously filed an answer to the initial complaint on July 6, also only for itself.

[3] No affidavit of service has been filed as to this service.

# ARGUMENT

# POINT I

In support of his motion, Bettman incorporates by reference and adopts and relies upon the arguments made by defendant Goswick in Points I, II, and III of his Memorandum of Law in Support of Motion for Defense and Indemnification of defendant Daniel Goswick, Jr., s/h/a Danny Goswick, Jr.

### A. Chapter 10 of the Piermont Village Code Entitles Defendant Bettman to Defense and Indemnity

The Piermont Village Code states that the Village will provide defense and indemnification for any employee in any civil action, whether filed in state or federal court, "arising out of any alleged act . . . which occurred or is alleged to have occurred while the employee was acting or in good faith purporting to act within the scope of his public employment or duties or which is brought to enforce a provision of [section 1983]." Piermont Village Code § 10-2(A).

Similar to the assertions in Goswick's motion papers, Bettman was a volunteer firefighter who was considered a public employee under the law. The claims of the Amended Complaint are made pursuant to section 1983, and the Amended Complaint expressly alleges that Bettman was acting within the scope of his public employment. Furthermore, Bettman's request for defense and indemnification were timely under the Village Code. Finally, by its express terms, the Village Code does not vest any discretion with the Village to permit it not to provide defense at this stage of the case. Therefore, under the Village Code, Bettman is entitled to a defense and indemnification in this matter.

**B.     The Village Code Provides for Representation By Private
        Counsel of Defendant's Choice When a Conflict of Interest Exists**

When a court finds that a conflict of interest exists between the Village Attorney and the defendant, the defendant is entitled to counsel of his choice. Piermont Village Code § 10-2(C)(1).

In its answer, the Village asserts that Bettman was not acting within the scope of his employment during the relevant time period. In addition, the Village has brought cross-claims against Bettman. Bettman, on the other hand, intends to argue that he was, at all relevant times, acting within the scope of his employment as a volunteer firefighter and pursuant to Village policy. The Village's response to the amended complaint necessarily creates a conflict of interest with Bettman. As more fully argued by Goswick in his memorandum of law, this entitles Bettman to private counsel of his choosing.

**C.     The Village Has a Duty to Defend and Indemnify
        Bettman at Least through the Resolution of this Motion**

Section 10-2(D) of the Village Code requires the Village to take the necessary steps for private counsel to represent a defendant so as "to avoid entry of a default judgment pending resolution of any question pertaining to the obligation to provide for a defense." Bettman adopts the argument asserted by Goswck in Point III of his memorandum of law that this language requires the Village to provide private counsel through the resolution of this motion.

## POINT II

### BETTMAN IS ENTITLED TO
### REPRESENTATION OF HIS OWN CHOOSING

Bettman has selected the law firm of Yankwitt & McGuire, LLP ("Y&M"), to represent and defend him in this action. That selection is based on Y&M's reputation as a high quality law

firm in White Plains, New York and Y&M's experience defending government employees in federal court.  It is also based upon Defendant's comfort with and regard for Y&M.

Y&M anticipates that two of its attorneys will handle this litigation: Russell M. Yankwitt, Esq., and Craig M. Cepler, Esq.  Mr. Yankwitt has been in practice for more than fifteen years.  He was formerly an Assistant United States Attorney in the Civil Division in the Southern District of New York.  Mr. Yankwitt began his legal career as a law clerk to a district judge in the Eastern District of New York, and as a litigation associate at Skadden, Arps, Slate, Meagher and Flom, LLP.  As an Assistant United States Attorney, he represented government employees in actions (i) under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); (ii) alleging civil rights violations; (iii) concerning physical altercations with both government and non-government employees; and (iv) alleging other governmental misconduct.

Mr. Cepler has been admitted in the state of New York for more than six years.  He recently completed four years clerking for two federal judges, including one in the Southern District of New York.  During his clerkships, Mr. Cepler handled numerous cases alleging misconduct on the part of municipal employees and, as such, is familiar with the relevant legal standards at issue.  Prior to clerking, Mr. Cepler was an associate at Kaye Scholer LLP.

Y&M is willing to represent Bettman on an hourly basis.  For this matter, Y&M's hourly rates are $475 for all partners, $400 for all counsel, $350 for all associates and $125 for all legal assistants and paralegals.  Y&M will submit its bills on a monthly basis.  All expenses and disbursements must be paid or reimbursed to Y&M in full on a monthly basis as well.

The above-mentioned hourly rates are Y&M's standard hourly rates that are currently paid by other private clients in Westchester County and the Southern District of New York.

In measuring the reasonableness of Y&M's attorneys' fees, since 2011, the United States District Court for the Southern District of New York has found rates of $625 per hour and $450 per hour to be "reasonable" for services rendered in cases under 42 U.S.C. § 1983. *See*, *e.g.*, *Barbour v. The City of White Plains*, 788 F. Supp. 2d 216 (S.D.N.Y. 2011), *aff'd*, 700 F.3d 631 (2d Cir. 2012); *Smith v. Nagai*, 2012 WL 2421740 (S.D.N.Y. May 15, 2012), *report and recommendation adopted sub nom. Smith v. Saki Rest. Corp.*, 2012 WL 2428929 (S.D.N.Y. June 27, 2012); *see also Stewart v. Barclay's Bus. Credit, Inc.*, 860 F. Supp. 150, 150 (S.D.N.Y.1994) (recognizing "time honored practice" of applying New York City rates in calculating attorneys' fees throughout Southern District of New York regardless of location of courthouse). Y&M's rate is consistent with the prevailing reasonable market rate in the community for attorneys with similar background and experience. Y&M asks to be paid consistent with the rate paid by its other private clients.

Because Y&M was retained only a few days before this motion was originally due, it did not have sufficient time to negotiate with the Village on an agreement providing for the terms and amount of legal fees Y&M would charge if the instant motion is granted. Therefore, Bettman requests that the Court grant his right to be represented by independent counsel and to affirm the reasonableness of the rates Y&M will charge in this matter. *See Higgins v. Town of Southampton*, 613 F.Supp.2d 327 (E.D.N.Y. 2009) (resolving issue of reasonableness of rates).

## **CONCLUSION**

Based upon the foregoing, Bettman is entitled to defense and indemnity through the resolution of this motion and continuing forth throughout this action. Further, due to the conflict of interest created by defendant Village of Piermont's position, as evidenced by the affirmative defenses and cross-claims asserted in its answer, Bettman is entitled to such defense and

6

indemnity by private counsel.  In addition, the Village should be directed to pay Y&M – Bettman's counsel of his choosing – Y&M's customary hourly rates for the defense of Bettman. Therefore, it is respectfully submitted that Bettman's motion be granted in its entirety, together with such other, further, and different relief, as the Court may deem just and proper.

Date:   April 17, 2013
       White Plains, New York

                                Respectfully submitted,

                                **YANKWITT & McGUIRE, LLP**

                           By:     /s/
                              Russell M. Yankwitt, Esq.
                              Craig M. Cepler, Esq.
                              140 Grand Street, Suite 501
                              White Plains, New York 10601
                              Tel: (914) 686-1500
                              Fax: (914) 801-5930
                              *Attorneys for Defendant Michael Bettman*