UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MARK BERNSTEIN, individually and as
Parent and Natural Guardian of ADAM
BERNSTEIN, an Infant under the age of
17 years,

                Plaintiffs,

   -against-                             11-CV-3677 (ER) - **Lead Case**

THE VILLAGE OF PIERMONT, MICHAEL
BETTMAN, DANNY GOSWICK, JR. and
SAM KROPP,

                Defendants.

-----------------------------------------------------------x

MARK BERNSTEIN, Individually and as
Parent and natural guardian of A.B., an
infant under the age of 17 years,

                Plaintiff,
   -against-                             12-CV-2062 (ER)

THE VILLAGE OF PIERMONT,

                Defendant.

-----------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW SUPPORTING
DEFENDANT GOSWICK, JR.'S APPLICATION FOR
DEFENSE AND INDEMNIFICATION**

                                                      LEVINE & GILBERT
                                                      Attorneys for Plaintiffs
                                                      115 Christopher Street
                                                      New York, NY 10014
                                                      (212) 645-1990
                                                      hlevine@levineandgilbert.com

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 1 |
| POINT I | |
| THE PLEADINGS HEREIN AND THE PROOF TO BE ADDUCED WILL OVERWHELMINGLY SHOW THAT THE VILLAGE OF PIERMONT VOLUNTEER FIRE DEPARTMENT ENGAGED IN A CUSTOM OR POLICY OF FORCED SEXUAL CONTACT WHICH WAS UNIFORMLY FOISTED UPON THEIR INITIATES | 2 |
| CONCLUSION | 3 |

# TABLE OF AUTHORITIES

                                                  **Page**

*Anthony v. City of New York.* 339 F.3d 129, 139 (2d Cir. 2003) .......... 3

*City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 1203 (1989) .......... 2

*Collins v. City of Harker Heights*, 503 U.S. 115, 120-121 (1992) .......... 2

*Gausvik v. Perez*, E.D. Wash. 2002, 239 F.Supp.2d 1108 .......... 2

*Gierlinger v. New York State Police*, 15 F.3d at 34 .......... 3

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978) ....... 2, 3

*Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) .......... 3

*Sorlucco v. New York City Police Dep.t,* 971 F.2d 864, 870-871 (2d Cir. 1992) ... 3

*Torres v. Kuzniasz*, D.N.J. 1996, 936 F.Supp. 1201 .......... 2

## Statutes and Other Authorities                                   **Page**

42 U.S.C. § 1983 .......... 1, 2

Village Code, Village of Piermont, Chapter 10, Section 10-2(A) .......... 1

## PRELIMINARY STATEMENT

This Memorandum is submitted on behalf of the plaintiff in support of defendant Goswick, Jr.'s application for an Order directing the defendant Village of Piermont to provide him with a defense, as well as indemnification, pursuant to the provisions of Chapter 10 of the Village Code. Goswick's request is predicated upon those portions of the Complaint which assert claims under 42 U.S.C. § 1983 alleging constitutional violations pursuant to the latter statute, as well conduct amounting to the statutory violation of sexual harassment and asserting claims for damages thereunder. Since the aforementioned section of the Village Code deals only with defense and indemnification pursuant to 42 U.S.C. § 1983, the sexual harassment allegations pleaded in plaintiff's Amended Complaint will not be discussed.

## STATEMENT OF FACTS

The infant plaintiff ADAM BERNSTEIN, a "rookie" junior member of the Village of Piermont Fire Department, was forcibly sodomized by one of the individual named defendants and sexually assaulted by the others in what is claimed to be a well-established "rite of passage" for those wishing to gain entry to the Village of Piermont Volunteer Fire Department.

The allegations of plaintiff's Complaint assert that all individual defendants were acting within the scope of their duties and authority in carrying out a custom or policy of the municipal defendant in foisting upon initiates into the Volunteer Fire Department a rite or ritual of forced sodomy.

The enabling statute, Village Code, Village of Piermont, Chapter 10, Section 10-2(A), as cited by defendant's counsel (see Subd. C, Page 10 of defendant's Memorandum of Law) is straightforward and non-discretionary.

## POINT I

**THE PLEADINGS HEREIN AND THE PROOF TO BE ADDUCED WILL OVERWHELMINGLY SHOW THAT THE VILLAGE OF PIERMONT VOLUNTEER FIRE DEPARTMENT ENGAGED IN A CUSTOM OR POLICY OF FORCED SEXUAL CONTACT WHICH WAS UNIFORMLY FOISTED UPON THEIR INITIATES**

It is well settled that in order to hold a municipality liable for a 42 U.S.C. § 1983 constitutional violation, a plaintiff must prove that the municipality engaged in a policy or custom inexorably leading to such violation; *see Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). Implicit in *Monell, supra* is the inescapable conclusion that the theory of *respondeat superior* or vicarious liability will not give rise to municipal liability pursuant to this statute; *see City of Canton v. Harris*, 489 U.S. 378, 385; 109 S.Ct. 1197, 1203 (1989); *see also Collins v. City of Harker Heights*, 503 U.S. 115, 120-121 (1992).

For purposes of governmental liability pursuant to 42 U.S.C. § 1983, custom differs from policy in that it is not necessary that the custom has received formal approval through the municipality's official decision-making channels; *see Gausvik v. Perez*, E.D. Wash. 2002, 239 F.Supp.2d 1108. Surely, "policy" accrues when a decision-maker, possessing final authority to establish municipal policy with respect to action, issues official proclamations, while "custom" arises when, though not authorized by law, such practices by state officials are so permanent and well-settled as to virtually constitute law and may also be established by evidence of knowledge and acquiescence; *see Torres v. Kuzniasz*, D.N.J. 1996, 936 F.Supp. 1201.

No doubt, there must be a direct causal link between a municipal policy or custom and the constitutional deprivation; *see City of Canton v. Harris, supra.*

As in the instant case, a municipal policy or custom is not limited to express rules and regulations but may include widespread practices or indifference to ongoing abuse of constitutional rights; *see, e.g., Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004); *Anthony v. City of New York*. 339 F.3d 129, 139 (2d Cir. 2003).

In cases where the discriminatory practice was so manifest as to imply constructive acquiescence of senior policy-making officials, liability will ensue; *see Sorlucco v. New York City Police Dep.t,* 971 F.2d 864, 870-871 (2d Cir. 1992); *see also Gierlinger v. New York State Police,* 15 F.3d at 34.

The *Monell, supra,* requirements of "custom" or "policy" are entirely antithetical to the "detour" and "frolic" exception to *respondeat superior* (which also is not applicable herein). It moreover requires the plaintiff to plead and prove that the person or people carrying out the policy or custom complained of did just that, *i.e.*, implement the unconstitutional policy or custom sought to be made actionable pursuant to the Complaint. This, in and of itself, mandates that plaintiff prove, pursuant to this theory, that the named individual defendants were acting within the scope of their authority, *i.e.*, implementing the "custom" irrespective of how abhorrent and that their actions were acquiesced in either overtly or by indifference by the municipal authority.

Since the plaintiff's pleadings comport entirely with the statutory provision under which this defendant seeks an authorized defense as well as reimbursement for same, the conclusion is inescapable.

The existing case law, as pointed out by defendants' counsel, does not afford the municipality the draconian weaponry of unilaterally deciding what is, or what isn't, within the scope of defendant's duties and/or authority. As defendant's counsel has pointed out by dint of case law,

3

where no discretionary interpretation is permitted by the Statute, none is allowed by the Courts.

## CONCLUSION

The defendant's application should in all respects be granted.

Dated: New York, New York
May 8, 2013

Respectfully submitted,
LEVINE & GILBERT
Attorneys for Plaintiff
115 Christopher Street
New York, New York 10014
(212) 645-1990
hlevine@levineandgilbert.com

By: _____
Harvey A. Levine [HL7161]

CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2013, a copy of the foregoing PLAINTIFF'S MEMORANDUM OF LAW SUPPORTING DEFENDANT GOSWICK, JR.'S APPLICATION FOR DEFENSE AND INDEMNIFICATION was e-filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Rules on Electronic Service upon the following:

SILER & INGBER, LLP
301 Mineola Blvd.
Mineola, New York 11501

YANKWITT & McGUIRE, LLP
140 Grand Street, Suite 501
White Plains, New York 10601

FEERICK LYNCH MacCARTNEY PLLC
96 South Broadway
South Nyack, New York 10960

JONES MORRISON, LLP
670 White Plains Road, PH
Scarsdale, New York 10583

Dated: New York, New York
May 8, 2013

HARVEY A. LEVINE